IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jacob A. Koch, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 1:09-878-RMG |
| | ) | |
| v. | ) | |
| | ) | |
| South Carolina Department of | ) | **ORDER** |
| Corrections, Warden Stan Burt, Sgt. | ) | |
| Franklin Jones, Jr., Roger Fincher, | ) | |
| and Inmate Jason Catteron, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the recommendation of Magistrate Judge Hodges that the Motion to Dismiss, or in the alternative, Motion for Summary Judgment, filed by Defendants South Carolina Department of Corrections; Warden Stan Burt; Sgt. Franklin Jones, Jr.; and Roger Finscher ("SCDC Defendants"), be granted and that the case be dismissed in its entirety. Because Plaintiff Jacob A. Koch ("Plaintiff") is *pro se*, this mater was referred to the Magistrate Judge.[1]

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears Congress did not intend for the district court to review the factual and legal conclusions of the Magistrate Judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the Magistrate Judge's

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), the Magistrate Judge is authorized to review all pretrial matters and submit findings and recommendations to this Court. See also Local Rule 73.02(B)(2)(d).

report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1985).[2] No objections have been filed to the Magistrate Judge's Report and Recommendation.

A review of the record indicates that the Magistrate Judge's report accurately summarizes the case and the applicable law. It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is adopted as the Order of this Court. For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Motion to Dismiss, or in the alternative, Motion for Summary Judgment, filed by Defendants South Carolina Department of Corrections; Warden Stan Burt; Sgt. Franklin Jones, Jr.; and Roger Finscher, be **GRANTED**. Having found that the SCDC Defendants are entitled to summary judgment, no federal claims remain in this matter.[3] The Court declines to exercise supplemental jurisdiction on any remaining state-law claims, and **REMANDS** the case to the Dorchester County Court of Common Pleas for further proceedings. See 28 U.S.C. § 1367.

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a *pro se* litigant must receive fair notification of the consequences of failure to object to a magistrate's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Wright, 766 F.2d at 846 (quoting Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C. Cir. 1968)). Plaintiff was advised in a clear manner that his objections had to be filed within fourteen (14) days, and he received notice of the consequences at the appellate level of his failure to object to the Magistrate Judge's report.

[3]Inmate Jasaon Catteron is not alleged to have been acting under color of state law, so there is no claim pursuant to 42 U.S.C. § 1983 against Catteron. See 42 U.S.C. § 1983.

AND IT IS SO ORDERED.

_____
The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**September 2, 2010**

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.